United States District Court
District of Connecticut
FILED AT BRIDGEPORT

September 21            ,20 21

By     /s/ T. Nuzzi
                Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ORDERS PURSUANT TO 18 U.S.C. § 2703(d) | Case No. 3:21MJ 959 (SDV) <br><br> September 21, 2021 |

## APPLICATION FOR RENEWED ORDER NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF ORDERS

The United States requests that the Court order **Facebook Inc.** (hereinafter "the Provider") to continue not to notify any person (including the subscribers or customers of the account(s) listed in the orders) of the existence of orders issued on April 27, 2020 and June 29, 2020 by United States Magistrate Judge William I. Garfinkel, pursuant to 18 U.S.C. § 2703(d), (hereinafter "the Orders"), until **March 1, 2022**, or until further order of the Court, whichever is earlier.

The Provider is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the Orders. The Orders required the Provider to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such a renewed order would be appropriate because the Orders relate to an ongoing multi-year cybercrime investigation by the Drug Enforcement Administration and the United States Postal Inspection Service into an international drug distribution organization that, using the internet, has distributed narcotics across the United States, including in Connecticut. As part of the investigation, records have recently been received from a foreign entity through use of a mutual legal assistance treaty. The ongoing investigation is neither public nor known to the targets of the investigation, and its disclosure may alert those targets to the ongoing investigation. Some of the targets are believed to be located abroad.

Accordingly, there is reason to believe that notification of the existence of the Orders will result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, and otherwise seriously jeopardizing an investigation. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the Orders, the subjects under investigation could destroy that evidence, including information on their devices, computers, and online accounts.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing the Provider not to disclose the existence or content of the Orders until **March 1, 2022**, except that the Provider may disclose the Orders to an attorney for the Provider for the purpose of receiving legal advice.

Respectfully Submitted,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

*/s/ Patrick J. Doherty*
PATRICK J. DOHERTY
ASSISTANT U.S. ATTORNEY
Federal Bar No. PHV10400
1000 Lafayette Blvd., 10th Fl.
Bridgeport, Connecticut 06604